5. Although an action in the state courts of either Massachusetts or Pennsylvania would be barred by the limitation expressed in the statutes of those states, the admiralty is not bound thereby, and, in this case, will not follow the period of limitation therein provided and prescribed.

6. The drowning complained of was caused by the improper navigation, negligence, and fault of the said steamer, producing the collision aforesaid, and the libelants are entitled to recover.

7. As there are no innocent rights to be affected by the present proceeding, and no inconvenience will result to the respondents from the delay attending it, the action, if not governed by the statutes aforesaid, is not barred by the libelants' laches.

*Eo die.* An appeal was entered to the supreme court of the United States.

---

## Light Hundred and Forty-One Tons of Iron Ore.*

*(District Court, E. D. New York. January 29, 1883.)*

1. PRACTICE—SUPPLEMENTAL LIBEL—EXCEPTIONS.

A libel having been filed claiming freight and demurrage under a charter-party, the libelant thereafter filed a supplemental libel, setting up the same and additional facts, and claiming the same freight and demurrage and additional demurrage, to which supplemental libel the claimant excepted on the ground that it set forth facts occurring after the suit was commenced. *Held,* that as it did not appear upon the face of the supplemental libel that any of the facts therein stated occurred subsequent to the commencement of the suit, the exceptions must be overruled.

2. SAME—MOTION TO STRIKE OUT SUPPLEMENTAL LIBEL.

Where it appeared that the original libel was filed and process issued and served on September 22d, and the supplemental libel, claiming an additional amount, was filed October 4th, before the return of process, no claimant having appeared, and on October 6th the claimant appeared and procured a discharge of the property by depositing in court money to the amount claimed in the supplemental libel, *semble,* that a motion to strike out the supplemental libel on the ground that it set forth facts occurring after the suit was commenced, would be denied, on the ground that the claimant would be deprived of no right by allowing it to stand, while to strike it out would increase expense without benefit, and would also deprive the libelant of the security which the claimant had given for the demand made in the supplemental libel.

As to when a proceeding in admiralty is deemed to be commenced, *quære.*

In Admiralty.

*Reported by R. D. & Wyllys Benedict.

*Ullo & Davison,* for libelant.

*Benedict, Taft & Benedict,* for claimant.

BENEDICT, J. A libel was filed setting up a charter-party, and claiming freight and demurrage to be due thereon. Thereafter a libel supplemental thereto was filed, setting forth the same charter-party counted upon in the original, and some additional facts, and claiming the same freight and demurrage claimed in the original libel, and some additional demurrage.

The claimant excepts to the supplemental libel, upon the ground that the suit was commenced on the twenty-second day of September 1882, and the supplemental libel sets forth facts occurring subsequent to the commencement of the suit. This exception has been pressed with earnestness, and the attention of the court called to the importance of an observance of the forms of law.

In the light of the argument, it is easy to see that the exceptions should be overruled. In strictness, the exceptions must stand or fall by the averments contained in the pleadings excepted to; and it does not appear upon the face of the supplemental libel that the suit was commenced on the twenty-second day of September, 1882. When the original libel was filed, and when the supplemental, is not disclosed by the supplemental libel. If it be a legal presumption that the supplemental libel was filed on a day subsequent to the day on which the original libel was filed, there is no legal presumption that process had been served, or even issued, before the supplemental libel was filed, and the right of a libelant to supplement his libel as he sees fit, before the issue of the process, will not, I suppose, be denied.

But, although a strict observance of the forms of law compels the overruling of the exceptions, I have examined the question that would be presented by a motion to strike out the supplemental libel. Upon such a motion it would appear that the original libel was filed on September 22, 1882, and that process was on that day issued. The supplemental libel was filed on October 4th, before the return of the process, and before the appearance of any claimant. On the sixth of October the present claimant appeared and filed his claim, and on the same day procured a discharge of the property proceeded against, by depositing in court money to the amount of the claim made in the supplemental libel. Thereafter he filed the present exceptions to the supplemental libel. These facts do not present a case for striking out the supplemental libel, because the claimant will be deprived of no right by allowing the supplemental libel to stand, while

to strike it out will increase expense without benefit, and will also deprive the libelant of the security which the claimant has given for the demand made in the supplemental libel.   Undoubtedly the original libel might have been dismissed on the libelant's motion, and a new suit commenced.   To have done so would have cost the libelant something more, but the rights of the claimant would have been the same as now.   Those rights are not affected by the course pursued. If it be said the libelant may demand marshal's fees incurred before the supplemental libel was filed, the answer is that costs are in the control of the court, and the claimant can be fully protected from any increase of liability in the matter of costs arising out of the course pursued.

On the other hand, if the supplemental libel be stricken out, and the libelant limited to the facts set forth in the original libel, the libelant loses the security for the claim made in the supplemental libel, a security given him by the claimant, and by means of which the claimant has been able to regain the possession of the property proceeded against.   The supplemental libel was filed while the property proceeded against was in custody of the marshal, as shown by the marshal's return.   No person had appeared to claim the same, nor had any change occurred in the ownership of the property, as shown by the claim filed.   The claimant, who owned the property when it was seized and also when it was released from custody, notified by the supplemental libel on file of the existence thereof, and of the demand set forth therein, deposited the amount of that demand as security therefor, and upon such deposit obtained a redelivery of the property to him.   Having given security to pay the demand in the supplemental libel, and removed the property proceeded against, why should he now be permitted to limit the libelant's recovery to the demand set forth in the original libel, and for the rest turn him over to a second recovery against the property, if perchance the same should be found?

Forms of procedure are important, but I know no law that requires a court of admiralty to carry its reverence of forms so far as, for the sake of mere form and nothing else, to work injustice by striking out this supplemental libel, when full justice can be administered by retaining it.   Speaking of forms, the averment of fact contained in these exceptions, that this suit was commenced on the twenty-second day of September, recalls the question when a proceeding in admiralty is deemed to be commenced.   If the procedure of the civil law be the procedure of the admiralty, it may be that the suit is not deemed

to be commenced even by the service of the process. According to Dr. Brown (2 Brown, Civil & Adm. Law, 367) it would seem that in strictness the suit is not deemed to be commenced until the issues are made up, and the case ready for transmission from the *prœtor* to the *judices* for trial. See, also, *The Martha,* Blatchf. & H. 151.

But, in the absence of aid from the advocate upon this point, I forego the inquiry alluded to, and limit my action on the present occasion to overruling the exceptions upon the ground that it does not appear upon the face of the supplemental libel that any of the facts there stated occurred subsequent to the commencement of the suit.